OPINION.
Plaintiff-appellant, The Kroger Company ("Kroger"), appeals from a decision of the Ohio Board of Tax Appeals affirming a late-payment penalty levied by defendant-appellee, Tax Commissioner of Ohio ("Commissioner"), pursuant to R.C. 5719.03(D). In its sole assignment of error, Kroger argues that the Board of Tax Appeals unreasonably and unlawfully concluded that it was not entitled to have the ten-percent penalty imposed under R.C. 5719.03(D) for the late payment of its 1993 personal property taxes remitted under R.C. 5711.33(D)(4). Because we find this assignment of error to be well taken, we reverse.
 I. Facts
Kroger is a Cincinnati-based company engaged in business throughout the state of Ohio. In January 1993, Kroger owned several retail grocery stores and one major warehouse in Franklin County, Ohio. Kroger listed the value of this property in its 1993 personal-property tax return and filed it with the Commissioner. The Commissioner then forwarded this information to the Franklin County Auditor. The auditor determined the amount of tax due and forwarded that figure to the Franklin County Treasurer for billing.
In August 1993, the Franklin County Treasurer mailed nineteen bills to Kroger in the total amount of $1,714,913.81 for personal property taxes. On or about August 25, 1993, Kroger received the bills, which stated that payment was to be remitted to "Bobbie M. Hall, FRANKLIN COUNTY TREASURER, 373 South High Street, Columbus, OH 43215-6306." Enclosed with each bill was a return envelope printed with the mailing address for the Franklin County Treasurer. Kroger received the bills at its Westerville, Ohio, address and processed them for payment.
Kroger used a cash-control system to process its bills for payment. Under the system, each vendor or creditor was assigned a vendor number. When a bill was processed for payment, a Kroger employee selected the appropriate vendor number and keyed it into the cash-control system. This automatically generated a check in Cincinnati, Kroger's home office, where all checks were issued. The face of each check displayed the name of the payee, as well as the mailing address associated with the particular vendor number in the cash-control system. Each check was designed for use with a "windowed" mailing envelope.
During the 1980s and up through 1993, Kroger had two vendor numbers in its cash-control system for the Franklin County Treasurer. One vendor number directed mail to this address: "Franklin Co. Treasurer, Bobbie M. Hall, Columbus, OH 43216." The second vendor number directed mail to an almost identical address, with the addition of a reference to "P.O. Box 16558." The second address was for a post-office box that had been acquired and used by the Franklin County Treasurer since the 1970s. Although the address was established to receive only real-estate tax payments, taxpayers also mailed personal-property tax payments and other types of mail to the post-office box.
In October 1988, the Franklin County Treasurer's Office, without notice to taxpayers, notified the U.S. Postal Service that it wanted to discontinue the use of the post-office box and that its new official address would be "Bobbie M. Hall, Franklin County Treasurer, 373 South High Street, Columbus, OH 43215-6306." The Franklin County Treasurer's office continued to receive mail at the post-office box after October 1988. Between August 31, 1988, and May 14, 1992, Kroger mailed nine tax payments to P.O. Box 16558. Kroger's accounting supervisor testified that he was certain that other tax payments had been sent to this address, but he could not obtain copies of the checks because they had been destroyed by the banks.
In August 1993, the Kroger employee responsible for generating checks to pay Kroger's personal property taxes in Franklin County keyed in the vendor control number for P.O. Box 16558. To ensure that the payment would be received at P.O. Box 16558 by the September 20, 1993, deadline, Kroger posted its check for payment on September 8, 1993. Although the check was posted in ample time to reach the Franklin County Treasurer's office before the deadline, the check never arrived. It was returned to Kroger's general office in Cincinnati by the U.S. Postal Service bearing the stamp "no such box number, Columbus, Ohio 43216." Kroger reissued the check, but it was not received by the Franklin County Treasurer's office until after the September 20, 1993, deadline. As a result, the Commissioner imposed a ten-percent penalty in the amount of $171,491. The Board of Tax Appeals upheld the penalty in its December 8, 2000, decision.
 Analysis Kroger acknowledges that the check for its 1993 personal property taxes was not received by the Franklin County Treasurer's office until after the September 20, 1993, deadline. While Kroger further acknowledges that it was subject to the ten-percent penalty imposed by R.C. 5719.03(D), Kroger claims that it was entitled to a remission of this penalty under R.C. 5711.33(D)(4), because it "properly deposited" the check in the mail prior to the September 30, 1993, deadline. We must, therefore, determine whether the board's decision that Kroger's payment was not "properly deposited in the mail" was reasonable or lawful.
In an appeal from a decision of the Board of Tax Appeals, this court's function is to review the board's decision to determine if it is reasonable and lawful.[1] To determine if the board's decision is reasonable and lawful, this court must determine whether the board's basic factual findings are supported by sufficient, probative evidence in the record; whether the board has exercised sound discretion in ruling on the credibility of witnesses and assessing the weight attributed to the evidence; and whether the board's findings on ultimate facts, factual conclusions derived from the basic facts, conform to the applicable statutes and case law.[2] When the board's decision derives from a factual conclusion derived from a set of given facts, the reasonableness of that conclusion is a question of law for this court to determine.[3]
In this case, the board's decision to deny remittance of the statutory penalty derived from its inference that Kroger had not "properly mailed" its payment under R.C. 5711.33(D)(4) prior to the September 20, 1993, deadline. Whether Kroger's payment contained a "sufficient address" was an ultimate fact that the board derived from the evidence before it. Thus, the reasonableness of the board's factual conclusion is a question of law for this court to determine. Because we are persuaded that the board's decision did not conform to the applicable case law, we hold that its decision was unreasonable and unlawful.
R.C. 5711.33(D)(4) provides when a taxpayer is entitled to have the late penalty imposed under R.C. 5719.03 remitted. It states,
 (D) The county auditor, upon consultation with the county treasurer, shall remit a penalty imposed under division (B) of this section or division (C) of section 5719.03 of the Revised Code for the late payment of taxes when:
* * *
 (4) The taxpayer demonstrates to the satisfaction of the auditor that the full payment was properly deposited in the mail in sufficient time for the envelope to be postmarked by the United States postal service on or before the last day for payment of such tax. A private meter postmark on an envelope is not a valid postmark for purposes of establishing the date of payment of such tax.
[Emphasis added.]
 In interpreting R.C. 5711.33(D)(4), the board has stated that a mailing is proper when it is "generally acceptable according to common usage."[4]
This means that the mailing must have a readable destination, a sufficient address, and adequate postage.[5] Thus, if a taxpayer can demonstrate that it has made responsible efforts to discharge the obligation to make timely payment of its personal property taxes, then the taxpayer is entitled to remission.[6]
The board held that Kroger was not entitled to remission of the penalty because it did not properly mail full payment of its taxes before the September 20, 1993, deadline. The board determined that P.O. Box 16558 was not a sufficient address for the Franklin County Treasurer. In so holding, the board relied on facts in two of its prior decisions: K-Martv. Limbach and Bien v. Tracey.[7] Because both of these cases are factually distinguishable from the case at bar, we disagree with board's conclusion.
In K-Mart v. Limbach, the board held that a retailer who had inserted a personal-property tax bill and payment in an envelope in such a way that the county treasurer's address was not readable through a window in the envelope had not properly deposited the payment in the mail. In Bien v.Tracy, the board held that a property tax payment was not properly deposited in the mail because the envelope containing the payment had mistakenly been addressed to city hall rather than to the courthouse where the treasurer's office was located.
Unlike the payments mailed by the taxpayers in K-Mart and Bien, Kroger's mailing envelope had adequate postage, a readable destination, and a sufficient address. The envelope was addressed to the "Franklin County Treasurer, Bobbie M. Hall, P.O. Box 16558, Columbus, Ohio 43216." Furthermore, the board had before it evidence that P.O. Box 16558 was a sufficient address for the Franklin County Treasurer's office based on Kroger's historical use of this post-office box. Neither the retailer inK-Mart nor the taxpayer in Bien presented such evidence.
The record reveals that Kroger used P.O. Box 16558 from 1988 through 1992 to remit both its personal-property and its real-property tax payments, each of which was timely delivered to the Franklin County Treasurer. Although the Franklin County Treasurer discontinued use of the box in 1988, it was aware that taxpayers like Kroger were continuing to use the box after 1988. Also the Franklin County Treasurer's office issued no notice to Kroger indicating that it had discontinued use of the box. While the treasurer's office did provide an enclosed envelope, it was Kroger's long-standing practice to send its own self-generated envelope.
Absent any notice and in view of the post office's continuing delivery of mail that Kroger had addressed to the Franklin County Treasurer at P.O. Box 16558, it was reasonable for Kroger to assume that the box was a sufficient mailing address for the Franklin County Treasurer. Thus, we conclude that Kroger, in good faith, mailed the check for payment of its 1993 personal property taxes to an address that had in its experience always been accepted. Even if we were to ignore the post-office box number, the address on the envelope had the name and title of the county treasurer and was sufficient to cause delivery of Kroger's payment. We, therefore, conclude that although Kroger might have provided a more precise mailing address, it nevertheless provided "sufficient address information."
Consequently, we hold that the board's decision denying Kroger remission of the late-payment penalty under R.C. 5711.33(D)(4) was unlawful and unreasonable. As a result, we reverse the decision of the Board of Tax Appeals and remand this cause to the board to abate the late-payment penalty and to determine what, if any, remaining interest is due.
Judgment reversed and cause remanded.
Gorman, P.J., and Winkler, J., concur.
[1] R.C. 5717.04; NCR Corp. v. Lindley (1985), 18 Ohio St.3d 332,334, 481 N.E.2d 588, 591.
[2] See Campbell Soup Co. v. Tracy (2000), 88 Ohio St.3d 473, 477-478,727 N.E.2d 1259, 1264.
[3] See Ace Steel Baling, Inc. v. Porterfield (1969), 19 Ohio St.2d 137,142, 249 N.E.2d 892, 895-896.
[4] K-Mart Corp. v. Limbach (July 7, 1987), BTA Nos. 86-A-309 and 86-A-671, unreported.
[5] See supra.
[6] See Vickers v. Tracy (June 9, 1995), BTA No. 94-A-1308, unreported.
[7] (Oct. 30, 1992), BTA No. 91-B-853, unreported.